**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 09-188** |
| **VERSUS** | * | |
| **LARRY GRIM** | * | **SECTION "L"** |

## ORDER

The Court has received Defendant Larry Grim's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Rec. Doc. 147). On June 1, 2010, Defendant pled guilty (Rec. Doc. 96) to two counts of a Superseding Indictment (Rec. Doc. 42). Count One charged Defendant with conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 842(b)(1)(A), and 846 and 18 U.S.C. § 2. Count Two charged Defendant with knowingly and intentionally possessing with the intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 842(b)(1)(A), and 18 U.S.C. § 2. On December 16, 2010, this Court sentenced Defendant to the statutory mandatory minimum of 120 months (10 years) on each count, to be served concurrently. (Rec. Doc. 121).

On August 3, 2010, the Fair Sentencing Act of 2010 ("FSA") was enacted. The FSA increased the threshold quantities of crack needed to trigger mandatory minimum sentences. Specifically, the threshold for a five-year mandatory minimum sentence was increased from five grams to 28 grams, 21 U.S.C. §§ 841(b)(1)(B)(iii), 960(b)(2)(C), and

the threshold for a 10-year mandatory minimum sentence was increased from 50 grams to 280 grams, 21 U.S.C. §§ 841(b)(1)(A)(iii), 960(b)(1)(C).

On February 1, 2012, Defendant moved for a reduction of his sentence pursuant to 18 U.S.C. § 3582, a provision of the FSA. (Rec. Doc. 140). On May 9, 2012, this Court denied Defendant's motion, partly on the grounds that Defendant had received the statutory mandatory minimum sentence of 120 months.

Recently, in *Dorsey v. United States*, 132 S. Ct. 2121 (2012), the Supreme Court held that the FSA applies retroactively to offenders whose crimes preceded the enactment of the FSA, but who were sentenced after that date. *Id.* at 2326. Defendant now claims that he is eligible for resentencing under *Dorsey*.

The Government does not dispute Defendant's eligibility. Defendant was sentenced in December 2010, after the FSA had already been enacted. He was sentenced on charges involving 50 grams or more of cocaine base, and as a result, he received the pre-FSA mandatory minimum of 10 years. Therefore, the Court agrees that Defendant may be eligible for a reduced sentenced under *Dorsey*.

Accordingly, IT IS ORDERED that Defendant's motion to vacate sentence pursuant to 28 U.S.C. § 2255 is GRANTED. IT IS FURTHER ORDERED that Defendant's resentencing is scheduled for December 13, 2012 at 2:00 p.m.

New Orleans, Louisiana, this 29th day of October, 2012.

_____
UNITED STATES DISTRICT JUDGE